# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRELL REID, | ) |
| Petitioner, | ) |
| v. | ) No. 4:23-CV-1085 RLW |
| SCOTT ANDERS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is petitioner Terrell Reid's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner requests that the Court enjoin, dismiss, and stop the state-court prosecution against him [ECF No. 1]. After a review of the state court record, the Court finds that the *Younger* doctrine precludes the Court from enjoining the state's criminal prosecution of him. Additionally, petitioner has not exhausted his available state-court remedies. The Court therefore denies and dismisses petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

## Background

Petitioner Terrell Reid filed this action pursuant to 28 U.S.C. § 2241 on August 28, 2023. [ECF No. 1]. At that time, he was incarcerated at the St. Louis County Justice Center in Clayton, Missouri. He has since been released on bond.

In his application for writ, petitioner states that he is awaiting trial in St. Louis County Circuit Court. He asserts that the State of Missouri arrested him on an Information on or about April 5, 2023, after which time he was held in custody until approximately September 12, 2023,

when he was released on bond.[1] He alleges that his due process rights were violated when the Court failed to schedule a preliminary hearing in his criminal action until May 24, 2023, and then canceled the hearing.

Petitioner asserts that canceling the preliminary hearing violated his rights because he should have had a preliminary hearing within thirty (30) days of his arrest. He then asserts that the prosecutor "circumvented" the law by arresting him on an Indictment, which took place more than sixty (60) days after his arrest. Petitioner claims that not only did the prosecutor act in violation of the law, but he also engaged in prosecutorial misconduct. He also alleges, in a conclusory fashion, that he was subjected to ineffective assistance of counsel and judicial misconduct.

Based on the case number provided, the state prosecution that petitioner seeks to enjoin is *State v. Reid*, No. 23SL-CR02795-01 (21st Jud. Cir., St. Louis County). According to a review of Missouri Case.net, Missouri's online case management system, petitioner was charged by Criminal Complaint on April 5, 2023, with felony resisting arrest/detention/stop by fleeing – creating a substantial risk of serious injury/death, unlawful possession of a firearm and felony resisting/interfering with an arrest. *Id.*

When the warrant issued, the state court judge set petitioner's bond at $250,000. The warrant was served on petitioner on April 6, 2023, and petitioner's arraignment was held on that date. *Id.* The case was originally scheduled for a preliminary hearing on May 4, 2023, but the preliminary hearing was first continued to May 15, 2023 and later continued to May 17, 2023.[2] *Id*.

---

[1]The Court takes judicial notice of public state records through Missouri Case.Net. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville,* 420 F.3d 757, 761 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[2]Petitioner's counsel did not appear at the May 15, 2023 hearing and, as a result, the matter had to be continued to May 17, 2023.

On May 17, 2023, petitioner's bond was reduced to $100,000 after a hearing. Petitioner's preliminary hearing was then scheduled for May 25, 2023. *Id.* When a Grand Jury Indictment was filed on May 24, 2023, the case was transferred to a Circuit Judge. *State v. Reid*, No. 23SL-CR02795-01 (21st Jud. Cir., St. Louis County). As a result, it does not appear that the preliminary hearing ever occurred.

The Grand Jury Indictment filed on May 24, 2023, charged petitioner with the same charges filed in the Criminal Complaint: felony resisting arrest/detention/stop by fleeing – creating a substantial risk of serious injury/death, unlawful possession of a firearm and felony resisting/interfering with an arrest. *Id.*

On May 30, 2023, the state court ordered that petitioner would be arraigned on June 28, 2023. On June 28, 2023, petitioner's counsel moved for a continuance of the arraignment, and the Court granted her request, setting the arraignment for July 26, 2023. *Id.* On July 26, 2023, however, petitioner's attorney again moved for a continuance, which the state court granted. The arraignment was scheduled, at petitioner's counsel's request, for August 23, 2023. *Id.*

On August 23, 2023, petitioner was formally arraigned on the Grand Jury Indictment. *Id.* It is unclear if petitioner's counsel was present at the hearing. Petitioner refused to enter a plea at the arraignment. *Id.*

On June 7, 2023, immediately after the Grand Jury Indictment was filed, petitioner filed a Pro Se Motion to Dismiss the Indictment. *Id.* He filed a Pro Se Revised Motion to Dismiss the Indictment on August 14, 2023. *Id.* Neither motion has been ruled on by the state court. On September 28, 2023, petitioner's counsel was granted leave to withdraw from representation. Petitioner is currently representing himself pro se in his state criminal case. A case management conference was held in the case on November 9, 2023, at which petitioner appeared pro se. The

Criminal Docket Memo from that conference states in part, "Def. to engage counsel," and sets a new conference date of December 21, 2023.

As noted above, petitioner posted bond on or about September 12, 2023. *Id.* A bond appearance hearing was held on September 28, 2023, and again on October 13, 2023. *Id.*

## Legal Standard

A state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (it "is well established that federal district courts can entertain pretrial habeas petitions"); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

Here, petitioner has been released on bond, but he is currently seeking to enjoin, dismiss, and/or stop his state court prosecution on the basis that his due process rights were violated when the state court failed to schedule a preliminary hearing in his criminal action until well over a month after he was taken into custody. Petitioner also generally asserts that he was subjected to prosecutorial and judicial misconduct, as well as ineffective assistance of counsel.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See*

4

Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of the petition under Rule 4, the Court concludes that it "plainly appears" petitioner is not entitled to relief. The Court will not intervene in an ongoing state court prosecution where petitioner has not demonstrated that any great and immediate injury will result otherwise. In addition, petitioner has adequate state court remedies that he has not exhausted.

## Discussion

### A. The Court Must Abstain from Granting Petitioner's Requested Relief

Petitioner asks this Court to enjoin, dismiss, and stop the state prosecution against him. The abstention doctrine set forth in *Younger v. Harris* precludes such relief. 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when an ongoing state judicial proceeding exists that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

Exceptions to *Younger* exist in special circumstances, such as where a "person about to be prosecuted in a state court can show that he will, if the proceedings in the state court is not enjoined, suffer irreparable damages." *Id.* at 41, 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Furthermore, the irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough. *Id.* at 45-46.

5

Petitioner asserts that he has been denied a preliminary hearing, but also states he was told by his counsel that the preliminary hearing was waived on his behalf. In addition, petitioner is now out on bond, and he will not suffer any great and immediate injury if his state case proceeds. Rather, he will suffer only an injury "incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 49 (internal citation omitted). No special circumstances exist to justify the Court's intervening in petitioner's ongoing state court matter. In short, "the Court is not the Justice League. It cannot swoop in and address wrongs, real or perceived, wherever they appear." *Martin v. Coca Cola Consol., Inc.*, No. 1:20-CV-323-HAB, 2020 WL5548690, at *2 (N.D. Ind. Sept. 16, 2020). As such, the Court is constrained by the *Younger* doctrine from granting petitioner's requested relief.

Further, with respect to the merits of petitioner's claim, he filed a separate Memorandum in Support of his Petition in which he states that "on or about May 25, 2023, the Defendant was advised by Counsel that his Preliminary hearing had been waived." *See* ECF No. 2, at 3. Even if petitioner was denied a preliminary hearing, his claim is not cognizable in a petition for writ of habeas corpus, as "[t]here is no constitutional right to a preliminary hearing." *United States v. Neff*, 525 F.2d 361, 346 (8th Cir. 1975). *See also Collins v. Swenson*, 443 F.2d 329, 331 (8th Cir. 1971) (explaining that Missouri state prisoner's habeas claim he had been denied a preliminary hearing failed because it did not constitute the denial of a federal constitutional right); and *Barber v. State of Arkansas*, 429 F.2d 20, 22 (8th Cir. 1970) (collecting cases for proposition that a defendant is not entitled to a preliminary hearing as a matter of constitutional right). In any event, the requirement of a preliminary hearing is mooted by the return of an indictment. *See United States v. Stith*, 479 F.2d 315, 316-17 (8th Cir. 1973) ("If the grand jury returns a true bill prior to the time a preliminary hearing is held, the whole purpose and justification of the preliminary hearing has

6

been satisfied"). Because petitioner was subject to a Grand Jury Indictment in this action, the issue of the preliminary hearing is moot.

### B. Petitioner Has Not Exhausted His State Court Remedies

Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"). Courts do not ordinarily consider state remedies exhausted if an individual may effectively present his claim in state court by any currently available and adequate procedure.

In addition, a prisoner can only avoid the exhaustion requirement if he can demonstrate the existence of special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, petitioner is currently being prosecuted in Missouri state court and argues that his due process rights were violated because he was denied a preliminary hearing. He also argues in a

conclusory fashion that the prosecutor has engaged in misconduct, his counsel was ineffective, and there was "judicial misconduct" in his criminal action.

Although a pro se petition is liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such pleadings cannot be conclusory and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Petitioner's claims regarding ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct are conclusory and cannot form the basis for relief in this action.

Further, the state court can resolve petitioner's due process claims relative to the alleged failure to hold a preliminary hearing in the case and the failure of the prosecutor to timely file the Grand Jury Indictment, by petitioner filing an appropriate motion and, if necessary, pursuing the appellate process. As such, adequate state court remedies currently exist for petitioner and he does not assert any special circumstances excusing his failure to exhaust these remedies.

**Conclusion**

Petitioner has not shown special circumstances exist to justify the Court's intervention into an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. Similarly, petitioner has not shown special circumstances to justify his failure to exhaust state remedies before bringing his claims to federal court. As such, the Court must deny petitioner's application for writ of habeas corpus and dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED and DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of December, 2023.